892 F.2d 75
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Roger McMILLAN, Defendant-Appellant.
 No. 89-5612.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 2, 1989.
Decided: Dec. 7, 1989.
Rehearing and Rehearing In Banc Denied Jan. 8, 1990.
 
 Elisabeth O. Davis, Oxenham, Davis & Rhode, on brief, for appellant.
 Thomas J. Ashcraft, United States Attorney, on brief, for appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jerry Roger McMillan appeals a judgment convicting him of one count of possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1), 924 on the grounds that the district court allowed admission of incriminating statements at trial in violation of the Fifth Amendment and incorrectly applied the Federal Sentencing Guidelines. We affirm.
 
 
 2
 McMillan was arrested on October 20, 1988, and charged with the state offenses of assault with a deadly weapon with intent to kill, reckless driving, failure to heed a blue light, and driving without an operator's license. The arresting officer took McMillan to the Mecklenburg County Jail. There the police officers did not give McMillan Miranda warnings because they did not plan to question him. McMillan remained with the officers while they completed the paper work. An unidentified police officer came in and stated that the car McMillan was driving was stolen. He asked the officers if this charge could be added to the other charges. At this time, McMillan stated, "I am guilty of everything I'm charged with, but I didn't steal the car. It was lent to me. It's a high price to pay, but I had to get people out of my business. I didn't want to hurt anyone except the two people at the House of Charles, that's why I threw the gun out."
 
 
 3
 Four days after the arrest, two agents from the Bureau of Alcohol, Tobacco and Firearms interviewed the defendant in jail. Before the interview, the agents gave McMillan his Miranda warnings. McMillan signed a form waiving his Miranda rights and made incriminating statements to the agents.
 
 
 4
 * A person in custody must be advised of his Miranda rights before interrogation by law enforcement officials. Miranda v. Arizona, 384 U.S. 436, 444 (1966). The issue here is whether a police officer interrogated McMillan. The Supreme Court defined interrogation in Rhode Island v. Innis, 446 U.S. 291 (1980):
 
 
 5
 [T]he Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.
 
 
 6
 Id. at 300-01 (footnotes omitted).
 
 
 7
 The district court, after a de novo review of the magistrate's conclusions, found that "the police officers were not questioning defendant, but discussing the charges pending against defendant, when defendant voluntarily made the statement to the police officers." McMillan argues that the district court's findings of fact are clearly erroneous because McMillan's testimony at the suppression hearing that he was questioned directly about stealing the car was uncontroverted.
 
 
 8
 We find sufficient evidence supporting the district court's finding that the officer did not question or make a statement directly to McMillan. Although the arresting officer did not recall whether the unidentified officer had asked McMillan about stealing the car, the arresting officer testified that McMillan made the inculpatory remark "when he overheard what he was being charged with."
 
 
 9
 The issue then is whether the police officer's statement to the other officers in McMillan's presence that the car McMillan was driving was stolen and asking if this charge could be added to the other charges is the functional equivalent of questioning. In Rhode Island v. Innis, 446 U.S. 291 (1980), Innis asked to speak to counsel after he was arrested and given his Miranda warnings. The Court held that conversation among police officers in Innis' presence after Innis asked for counsel was not the functional equivalent of interrogation. 446 U.S. at 302. In Innis, as in this case, the conversation was not directed at the accused and did not call for a response. 446 U.S. at 303 & n. 9. Furthermore, here there was a clear administrative purpose for the conversation between the police officers: to add the charge of auto theft to the charges brought against McMillan based on a report from the unidentified police officer. This conversation, necessary to the effective administrative handling of the arrest, cannot be construed as a direct or disguised attempt by the officers to elicit incriminating responses from McMillan in violation of McMillan's Fifth Amendment rights.
 
 
 10
 There is no merit to McMillan's argument that he did not knowingly and intelligently waive his rights before he made inculpatory statements to the agents at the jail. The district court correctly ruled that these statements were admissible at trial.
 
 II
 
 11
 After a jury trial, McMillan was convicted and sentenced to 24 months imprisonment followed by 3 years of supervised release. At the sentencing hearing, the judge determined that McMillan had not accepted responsibility for his crime and consequently did not allow a two level reduction in offense level under § 3E1.1 of the Federal Sentencing Guidelines.
 
 
 12
 We find no error in the trial court's denial of a two level reduction in offense level for acceptance of responsibility under § 3E1.1 of the Federal Sentencing Guidelines. The evidence supports the court's finding that McMillan did not accept responsibility for his criminal conduct.
 
 
 13
 AFFIRMED.